UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
LONG ISLAND UNIVERSITY,

                Plaintiff,

   -against-

 MARKEL INSURANCE COMPANY,

               Defendants.
----------------------------------------------------------------------X

Civil Action No.:

**NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 (a), and 1446, and Local Civil Rules, Defendant Markel Insurance Company ("MIC"), by and through its undersigned counsel, hereby files this Notice of Removal, and removes the above-entitled action from the Supreme Court of the State of New York, Nassau County, Index Number 615294/2020, to the United States District Court, for the Eastern District of New York.  In support of this Notice of Removal, MIC states as follows:

      1.    On or about December 31, 2020, Plaintiff Long Island University ("LIU") commenced the instant action against MIC through the filing of a summons and complaint in Nassau County. (A copy of the Summons and Complaint and Exhibits A through F is attached as **Exhibit 1**, pursuant to 28 U.S.C. § 1446(a)).

      2.    At the request of LIU, counsel for MIC agreed to accept service on March 24, 2021.  (**Exhibit 2**, Stipulation of Acceptance of Service.)

      3.    This is an action for insurance recovery brought by the Plaintiff with respect to in two underlying actions in the Supreme Court of the State of New York, County of Nassau entitled: (1) <u>Kourtney Tankleff v. Long Island University and North Shore Equestrian Center, Inc.</u>,

Index No.604300/2018 ("Tankleff Action") (See Exhibit A to the Complaint attached hereto at **Exhibit 1**, p. 15 of 53); and (2) <u>Gabriella F. Furman v. North Shore Equestrian Center, Inc. and Long Island University</u>, Index No. 613278/2019 ("Furman Action") (See Exhibit B to the Complaint attached hereto at **Exhibit 1**, p. 26 of 53) (collectively "Underlying Actions".)

4. According to the underlying complaint filed in the Furman Action, Gabriella Furman was injured in a horseback riding accident on November 28, 2017 and sustained the following personal injuries:

> 44. As a result of the foregoing, the plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; physical pain and emotional upset, some of which injuries are permanent in nature and duration; plaintiff, will be permanently caused to suffer pain, inconvenience and other adverse effects of plaintiff, will be permanently caused to suffer pain, inconvenience and other adverse effects of such injuries; the plaintiff, incurred and in the future will necessarily incur further hospital and/or such injuries; the plaintiff, incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; the plaintiff has suffered and in the medical expenses in an effort to be cured of said injuries; the plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and the plaintiff will be unable to pursue her usual duties and recreational and social activities with the same degree of efficiency and pleasure as prior to the accident.

(See Exhibit B to the Complaint, at ¶ 44 hereto at **Exhibit 1**.)

5. The bill of particulars and medical records reflect that Gabriella Furman sustained injuries that resulted in scarring and the need of multiple surgeries.

6. The Tankleff Action alleges that Kourtney Tankleff was injured in a horseback riding accident on November 22, 2016 and was "rendered sick, sore, lame and disabled and was injured and bruised in and about her body limbs; and upon information and belief, said injuries are

of a permanent nature and character." (See Exhibit A to the Complaint, at ¶31 hereto at **Exhibit 1.**)

7. MIC issued General Liability Package policy number 9502AG03156-21 for the period June 5, 2016 to June 5, 2017 to NSEC ("2016 MIC Policy"), which provides Commercial General Liability and Farm coverages for leased premises located at Long Island University-C.W. Post Campus, Nassau Co., Greenvale, New York 11548.

8. MIC also issued a General Liability Package policy 9502AG03156-22 for the period June 5, 2017 to June 5, 2018 to NSEC ("2017 MIC Policy") to NSEC.

9. Under both the 2016 and 2017 MIC Policies, NSEC is the Named Insured.

10. LIU sought coverage as an additional insured for each Underlying Action from MIC.

11. MIC disclaimed additional insured coverage to LIU for both of the Underlying Actions.

12. In this action, LIU disputes the validity of MIC's disclaimers and seeks a declaration that MIC is obligated to defend and indemnify LIU relative to the Underlying Actions.

13. LIU seeks a declaration that MIC is obligated to defend and indemnify LIU in the Tankleff Action up to $1,000,000.00, plus defense costs. (**Exhibit 1**, p. 11-12, WHEREFORE).

14. Additionally, LIU also separately seeks a declaration that MIC is obligated to defend and indemnify LIU in the Furman Action up to $1,000,000.00, plus defense costs. Id.

15. LIU also seeks compensatory and consequential damages, and attorneys' fees and expenses. Id.

16. Collectively LIU seeks to recover from MIC up to $2,000,000.00, plus defense costs and additional damages set forth above.

17. Here, LIU is a not-for-profit corporation organized pursuant to the Laws of the State of New York.

18. Further, the Complaint identifies LIU's principle office as 700-720 Northern Blvd., Greenvale, New York 11568. (See Exhibit 1 ¶ 4). Therefore, LIU is a citizen of New York.

19. MIC is incorporated in Illinois with its principal place of business in Virginia. Therefore, MIC is a citizen of the states of Illinois and Virginia for diversity purposes. 28 U.S.C. § 1332(c)(1).

20. Thus, there is complete diversity of the parties.

21. The amount in controversy requirement is also satisfied in that LIU seeks defense and indemnify relative to the personal injuries of the students that filed suit in the Underlying Actions up to $2,000,000.00, plus compensatory and consequential damages, and defense costs.

22. Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 112(c), 1332 (a)(1) and 1441 (a).

23. No previous applications has been made for the relief requested herein.

24. Written notice has been served upon the Plaintiff, through counsel, and a copy of this Notice of Removal will be promptly filed with the Clerk of the Supreme Court for the State of New York, Nassau County pursuant to 28 U.S.C. §1446 (d).

25. Notwithstanding this removal, MIC does not waive and specifically reserves any and all objections, exceptions or defenses to the Complaint here, including but not limited to, moving to have this matter dismissed, stayed and/or transferred to another court. MIC further reserves the right to amend or supplement this Notice of Removal.

26. This Notice is signed in accordance with Federal Rules of Civil Procedure 11.

THEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including the presence of all jurisdictional requirements established by 28 U.S.C. § 1332, MIC gives notice that it removes the captioned case pending in the Supreme Court of the State of New York, County of Nassau, Index No. 615294/2020, to the United States District Court for the Eastern District of New York.

Dated: New York, New York
March 25, 2021

        KENNEDYS CMK LLP
        /s/ April T. Villaverde
        April T. Villaverde
        Attorneys for Defendant
        Markel Insurance Company
        570 Lexington Avenue – 8th Floor
        New York, New York 10022
        (212) 252-0004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
LONG ISLAND UNIVERSITY,

               Plaintiff,

  -against-

 MARKEL INSURANCE COMPANY,

              Defendants.
---------------------------------------------------------------------X

Civil Action No.:

**NOTICE OF REMOVAL**

## CERTIFICATE OF SERVICE

    I hereby certify that on March 25, 2021, I caused a true and correct copy of the Filing Order and Defendant Markel Insurance Company's Notice of Removal with Supporting Exhibits to be served upon all counsel of record by first class mail, and email.

Dated:   New York, New York
           March 25, 2021

                         /s/ April T. Villaverde
                         April T. Villaverde
                         **KENNEDYS CMK LLP**
                         Attorneys for Defendant
                         Markel Insurance Company
                         570 Lexington Avenue – 8th Floor
                         New York, New York 10022
                         (212) 252-0004